IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN T. BRANCH | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19-cv-01624-B |
| | § | |
| FLUOR CORPORATION, INC., | § | |
| et al. | § | JURY |

## ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO PLAINTIFF'S ORIGINAL PETITION

Defendant Alliance Project Services, Inc., ("APS") for its Answer to Plaintiff's Original Petition, states and alleges as follows. By filing this Answer, APS does not intend to waive, and specifically preserves, its defense that personal jurisdiction is lacking over it in the State of Texas.

1. In response to Paragraph 1 (the paragraph beneath "Plaintiff's Original Petition"), APS states that the paragraph states prefatory material to which no response is required. To the extent a response is required, APS denies that Plaintiff has a cause of action against APS. To the extent any allegation is not expressly admitted in this or any other paragraph, it is denied.

2. In response to Paragraph 2 (the paragraph beneath "Overview Of Lawsuit"), APS admits that a man detonated a bomb at Bagram Airfield in Afghanistan on November 12, 2016 that resulted in death and injuries. APS denies the remaining allegations.

3. In response to Paragraph 3, APS denies the allegations in the first sentence. As to the second sentence, APS lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the identities of the referenced other plaintiffs and their status as proper parties and denies that Plaintiff and such other referenced other plaintiffs have a cause of action against APS. APS denies the remaining allegations.

4. In response to Paragraph 4, APS states, on information and belief, that on November 12, 2016, persons were gathering for a run. APS admits that Ahmed Nayeb was at the Bagram Air Field on November 12, 2016. APS admits it provided Fluor Intercontinental, Inc. certain labor supply management services related to Ahmed Nayeb. APS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

5. In response to Paragraph 5, APS denies the allegations to the extent they relate to APS and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

6. APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7. In response to Paragraph 7, APS denies the allegations to the extent they relate to APS and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

8. APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.

9. APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10. The allegations in Paragraph 10 refer to the prior allegations in the Petition and APS incorporates by reference its response to the prior allegations. APS admits that a man detonated a bomb at Bagram Airfield in Afghanistan on November 12, 2016 that resulted in death and injuries. APS denies the allegations to the extent they relate to APS. APS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

11. APS denies the allegations in Paragraph 11.

12. In response to Paragraph 12 (the paragraph beneath "Discovery Control Plan"), APS states that given the removal, the allegations relating to Texas state court procedure are not applicable.

13. In response to Paragraph 13 (the paragraph beneath "Rule 47 Statement"), APS states that given the removal, the allegations relating to Texas state court procedure are not applicable.

14. In response to Paragraph 14 (the paragraph beneath "Parties"), APS lacks knowledge or information sufficient to form a belief about the truth of the allegations.

15. APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16. APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17. In response to Paragraph 17, APS admits on information and belief that Fluor Corporation, Inc. is a Delaware corporation and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

18. In response to Paragraph 18, APS admits on information and belief that Fluor Enterprises, Inc. is a California corporation and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

19. In response to Paragraph 19, APS admits on information and belief that Fluor Intercontinental, Inc. is a California corporation and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

20. In response to Paragraph 20, APS admits on information and belief that Fluor Government Group, Inc. is a Delaware corporation and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

21. Paragraph 21 provides a definition to which no response is required. To the extent that the allegation states or implies that the "Fluor Defendants" are the same, are in the same position or are interchangeable, APS denies, on information and belief, the allegation.

22. In response to Paragraph 22, APS admits that it is a Delaware corporation with its principal place of business in Virginia. APS denies the remaining allegations.

23. Paragraph 23 provides contentions and demands to which no response is required. To the extent a response is required, APS denies the allegations.

24. In response to Paragraph 24 (the paragraph beneath "Jurisdiction And Venue"), APS states that the allegations constitute legal conclusions to which no response is required. To the extent a response is required, APS denies Paragraph 24. Further responding to Paragraph 24, APS denies that its principal place of business is in Texas and denies that venue is proper in Dallas County, Texas against APS. APS lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the other Defendants' principal places of business and thus venue allegation. APS further states that given the removal, the allegations relating to Texas state court are not applicable.

25. In response to Paragraph 25 (the paragraph beneath "Factual Background"), APS incorporates its responses to the above paragraphs.

26. In response to Paragraph 26, APS admits that a man detonated a bomb at Bagram Airfield in Afghanistan on November 12, 2016 that resulted in death and injuries. APS denies the third sentence of Paragraph 83. APS admits it provided Fluor Intercontinental, Inc. certain

labor supply management services related to Ahmed Nayeb. APS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

27. In response to Paragraph 27, APS admits on information and belief, that the U.S. Government had various agreements with one or more of the Fluor Defendants, admits that APS was a subcontractor of Fluor Intercontinental, Inc. pursuant to which it provided Fluor Intercontinental, Inc. certain labor supply management services related to Ahmed Nayeb. APS denies other allegations to the extent they apply to APS. APS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

28. APS denies the allegations in Paragraph 28.

29. APS denies the allegations in Paragraph 29.

30. In response to Paragraph 30, APS admits that Ahmad Nayeb worked at the Bagram Airbase, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence. In response to the second sentence of Paragraph 30, APS admits that it was not responsible for supervising Ahmad Nayeb. APS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

31. The allegations in Paragraph 31 refer to the allegations in Paragraph 30, and APS incorporates by reference its responses to the allegations in Paragraph 30. Because the allegations in the first sentence of Paragraph 31 are dependent upon the allegations in Paragraph 30, the allegations are denied. Further in response to Paragraph 31, APS lacks knowledge or information sufficient to form a belief as to actions or inactions by any of the Fluor Defendants. APS denies the third and fourth sentences.

32. In response to Paragraph 32, APS denies the allegations to the extent that they apply to APS. APS denies the first, seventh, and eighth sentences. APS lacks knowledge or

information sufficient to form a belief about the truth of the allegations in the second, third, fourth, fifth, and sixth sentences.

33. In response to Paragraph 33, APS states that the allegations in the first two sentences are too broad and general so as to permit specific responses and are accordingly denied. APS denies the allegations to the extent that they apply to APS. APS lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to the Fluor Defendants. APS denies the last sentence. All other allegations are denied.

34. APS denies the allegations in paragraph 34.

35. In response to Paragraph 35 (the paragraph beneath "Causes Of Action Against Fluor Defendants: Negligence/Gross Negligence"), APS incorporates its responses to the above paragraphs.

36. Paragraph 36 is not directed toward APS and, therefore, no response is required from APS. To the extent a response is required, APS denies the allegations, including in subparts (1)–(5).

37. Paragraph 37 is not directed toward APS and, therefore, no response is required from APS. To the extent a response is required, APS denies the allegations.

38. Paragraph 38 is not directed toward APS and, therefore, no response is required from APS. To the extent a response is required, APS denies the allegations.

39. In response to Paragraph 39 (the paragraph beneath "Causes Of Action Against Defendant APS: Negligence/Gross Negligence"), APS incorporates its responses to the above paragraphs.

40. In response to Paragraph 40, APS states that the first two sentences contain legal conclusions to which no responsive pleading is required. To the extent a response is required,

the allegations are denied as are the remaining allegations in the paragraph, including in subparts (1)–(5).

41. In response to Paragraph 41, APS states that the allegation constitute legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

42. In response to Paragraph 42, APS denies the allegations in the first two sentences. As to the third sentence, APS denies that plaintiffs are entitled to seek punitive damages against APS.

43. In response to Paragraph 43 (the paragraph beneath "Damages"), APS denies the allegations to the extent the allegations are directed toward APS. To the extent the allegations in Paragraph 43 are not directed toward APS, APS states that no response from APS is required, but to the extent a response is required, the allegations are denied.

44. In response to Paragraph 44 (the paragraph beneath "Preservation Of Evidence"), APS states that the assertions constitute a demand to which no response is required.

45. In response to Paragraph 45 (the paragraph beneath "Request For Disclosure"), APS states that that given the removal, the allegations relating to Texas state court procedure are not applicable.

46. In response to Paragraph 46 (the paragraph beneath "Demand For Jury Trial"), APS states that the assertions constitute a demand to which no response is required.

47. In response to Paragraph 47 (the paragraph beneath "Prayer"), APS denies the allegations.

## **AFFIRMATIVE DEFENSES**

1. The Court lacks personal jurisdiction over APS because it lacks specific or general jurisdiction over APS in the State of Texas.

2. The Court lacks subject matter jurisdiction because Plaintiff's claims raise nonjusticiable political questions under *Baker v. Carr*, 369 U.S. 186 (1962), and its progeny.

3. The state secrets doctrine bars Plaintiff's claims in their entirety because military secrets are central to the subject matter of this jurisdiction.

4. Plaintiff's claimed injuries were caused by third parties over whom APS lacked the ability to control, including, but not limited to, unknown criminal actors under Texas Civil Practice and Remedies Code § 33.004. As to the designation, identification and characteristics of such unknown criminal actors who are responsible for "the loss or injury that is the subject of [Plaintiffs'] lawsuit," (*see* Tex. Civ. Prac. & Rem. Code § 33.004(j)), APS incorporates by reference, and on information and belief, the allegations contained in paragraphs 23-43 of Fluor Corporation, Inc., Fluor Enterprises, Inc., Fluor Government Group International, Inc., and Fluor Intercontinental, Inc.'s Original Answer to Plaintiff's Original Petition.

5. Plaintiff's injuries were caused by third parties over whom APS lacked the ability to control, including, but not limited to, the United States Military.

6. Any actions or inactions alleged of APS were done at the direction of others, including, based on information and belief, third parties and the United States Military.

7. Plaintiff's claims against APS are barred, in whole or in part, under comparative responsibility, contributory negligence, an apportionment of responsibility to parties who are designated or deemed responsible third parties.

8. Plaintiff's claims are barred, in whole or in part, by assumption of risk, contributory negligence, and injury by fellow servant.

9. Other affirmative defenses that are appropriate under facts that are discovered.

10. Other affirmative defenses that are appropriate as alleged by the Fluor Defendants.

WHEREFORE, Defendant Alliance Project Services, Inc. denies that Plaintiff is entitled to recover judgment against it in any amount, and prays that the Court enter judgment in its favor and against Plaintiff, dismiss the Original Petition with prejudice, award Defendant Alliance Project Services, Inc. its costs in defending this action, and award other such further relief as the Court shall deem appropriate.

Dated: July 11, 2019                    Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: _____
C. Dunham Biles
State Bar No. 24042407
David Grant Crooks
State Bar No. 24028168
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
972-991-0889 – Phone
972-404-0516 – Fax
dcrooks@foxrothschild.com
cbiles@foxrothschild.com

**ATTORNEYS FOR DEFENDANT
ALLIANCE PROJECT SERVICES, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 11, 2019, Defendant Alliance Project Services, Inc. served a true and correct copy of the foregoing on all known counsel of record via the Northern District of Texas CM/ECF filing system.

_____
C. Dunham Biles